UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND, and TRUSTEES RONALD E. POWELL, ROBERT O'TOOLE, ROBERT WILSON, BRIAN JORDAN, MARK JACOBS, WILLIAM R. SEEHAFER, <br><br> Plaintiffs, <br><br> v. <br><br> SCHUETTE STORES, INC., D/B/A SCHUETTE'S MARKET, <br><br> Defendant. | Case No. |

## COMPLAINT

Now Come Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees, Ronald E. Powell, Robert O'Toole, Robert Wilson, Brian Jordan, Mark Jacobs, William R. Seehafer ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Schuette's Stores, Inc., d/b/a Schuette's Market ("Schuette" or "Defendant") allege as follows:

## INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq*., and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks a money judgment awarding delinquent contributions, interest, liquidated damages, and attorney's fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement.

2. The Pension Fund also seeks injunctive relief pursuant to ERISA and the LMRA, to enjoin the prospective failure of Defendant to make contributions due to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

3. The Pension Fund further seeks a money judgment to collect partial withdrawal liability in the amount assessed against Defendant pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(e).

## JURISDITION AND VENUE

4. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. §1331, relating to any civil action or proceeding arising under the laws of the United States

5. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the Pension Fund is administered in this judicial district at 18861 S. 90th Ave. #A, Mokena, IL 60448.

## PARTIES

6. The Pension Fund is a multiemployer pension plan (the "Plan") within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

7. The Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are also the Plan sponsor within the meaning of ERISA § 3(16) and have authorized this lawsuit.

8. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1451, and 29 U.S.C. § 185, the Pension Fund is authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

9. Schuette is an Illinois corporation doing business at 10 N. 4th Street, Breese, IL 62230 and 523 Edwardsville Road, Troy, IL 62294.

10. Schuette, at all times material, has been an employer within the meaning of 29 U.S.C. 152(2), and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12).

## FACTUAL ALLEGATIONS

**A. Schuette's Delinquent Pension Contributions.**

11. Schuette at all times material, participated in and contributed to the Plan pursuant to the terms of a Collective Bargaining Agreement ("CBA") between itself and Local 881 United Food and Commercial Workers Union ("Union"). (A true and correct copy of the most recent Collective Bargaining Agreement is attached hereto as Exhibit A).

12. Schuette, at all times material, was a party to the terms of the Agreement and Declaration of Trust ("Trust Agreement"). (A true and correct copy of the Trust Agreement is attached hereto as Exhibit B).

13. In addition to the CBA, the Participation Agreement and Trust Agreement require Schuette to submit monthly pension contributions to the Fund.

3

14. The Trust Agreement binds Schuette to the Pension Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

15. The Delinquency Policy requires Schuette to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Pension Fund to charge interest on contributions, and provides for the Pension Fund to charge interest on contributions paid late.

16. By letter dated August 18, 2017, the Pension Fund notified Schuette that its monthly remittance reports and Plan contribution were delinquent. (A true and correct copy of the September 27, 2017 letter is attached hereto as Exhibit C).

17. As of January 2019, Schuette has not paid its monthly Plan contributions for the months of April 2017, and June 2017 through October 2018 in an amount of $55,245.52. In addition, interest and liquidated damages have been calculated at $3,721.73 and $15,869.97 respectively. Additionally, Schuette has failed to remit its August 2017 through October 2018 pension reports.

18. As of January 2019, the estimated outstanding Plan contribution delinquency owed by Schuette is $74,837.22

**B. Schuette's Delinquent Partial Withdrawal Liability Payments.**

19. During the 2016 plan year, the Pension Fund determined that Schuette experienced a partial withdrawal from the Fund due to a 35% decline in base units.

20. By letter dated April 23, 2018, the Pension Fund assessed Schuette partial withdrawal liability for the 2016 Plan year. (A true and correct copy of the Assessment Letter for Plan year 2016 is attached hereto as Exhibit D).

21. The Assessment Letter for Plan year 2016 demanded payment of Schuette's partial withdrawal liability, which was calculated as $3,225,868 payable in 240 monthly installments of $9,964.93 commencing on June 1, 2018.

22. By letter dated July 16, 2018, Schuette exercised its right of review regarding the Pension Fund's partial withdrawal liability calculations. (A true and correct copy of the July 16, 2018 letter is attached hereto as Exhibit E).

23. By letter July 26, 2018, the Pension Fund determined there was no basis to modify its partial withdrawal liability assessment set forth in its April 23, 2018 letter. (A true and correct copy of the Assessment Letter for Plan year 2015 is attached hereto as Exhibit F)

24. Having received no payments from Schuette, by letter dated October 16, 2018, the Pension Fund demanded that Schuette make its required payments within sixty (60) days or be deemed in default (A true and correct copy of the October 16, 2018 letter is attached hereto as Exhibit G).

25. Thereafter, Schuette failed and/or refused to make its required partial withdrawal liability payments to the Pension Fund.

26. Schuette never filed a demand for arbitration or otherwise initiated arbitration procedures within the timeframes established in 29 U.S.C. §1401.

27. To date, neither Schuette nor any affiliated person or entity has made any payments toward the assessed withdrawal liability.

## Count I
### (Delinquent Contributions in Violation of ERISA and the Trust Agreement)

28. The Pension Fund realleges and incorporates the paragraphs as if fully set forth herein.

29. The CBA and the Participation Agreement obligate Defendant to pay monthly pension contributions to the Pension Fund. The Delinquency Policy requires Defendant to submit monthly remittance reports with the contributions.

30. Defendant has failed to pay an estimated total of $55,245.52 in contributions owed to the Fund for the months of April 2017 and June 2017 through October 2018.

31. By failing to pay the required monthly contributions, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 185, and the Trust Agreement.

32. Defendant has failed to provide the required remittance reports for the months of July 2017 through February 2018.

33. By failing to provide monthly remittance reports, Defendant has violated the Delinquency Policy.

34. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the Trust Agreement, and the Participation Agreement, Defendant is liable to the Pension Fund for $55,245.52 in estimated delinquent contributions and remittance reports for the months of April 2017 and June 2017 through Ocotber 2018, any contributions that become delinquent or are discovered while this action is pending, plus interest on the delinquent contributions and contributions paid late, liquidated damages, together with its reasonable attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts.

## Count II
### (Schuette's Partial Withdrawal Liability)

35. The Pension Fund realleges and incorporates the above paragraphs as if fully set forth herein.

36. The outstanding partial withdrawal liability due and owing to the Pension Fund is $3,225,868.

37. Under Article XVI of the Plan, a participating employer can default on its assessed partial withdrawal liability if the employer fails to timely cure delinquent withdrawal liability payments.

38. Based on the circumstances described herein, Schuette defaulted under the terms of the Plan due to its failure to timely cure its delinquent withdrawal liability payments.

39. Pursuant to 29 U.S.C. § 1399(c)(5)(B), because Defendant fell into default under the terms of the Plan, the Pension Fund is entitled to accelerate payment of Defendant's partial withdrawal liability.

40. Accordingly, Defendant is liable to Plaintiffs for the assessed partial withdrawal liability, and associated interest, liquidated damages, and attorney's fees and costs in the amount of $3,225,868.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court:

A. Order Defendant to pay the Pension Fund:

   (1) $55,245.52 in estimated delinquent contributions;

   (2) all interest and liquidated damages due on delinquent contributions accruing from the date the contributions became due and owing until the date paid; and

    (3) additional amounts that may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records.

B. Order Defendant to provide the required remittance reports for the months of August 2017 through October 2018;

C. Restrain and enjoin Defendant, its officers, agents, servants, attorneys, successor, assigns, and all persons acting on its behalf or in conjunction with it from:

    (1) refusing to timely file remittance reports due to the Pension Fund for all periods for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement; or

    (2) failing or refusing to pay to Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Pension Fund for which Defendant is obligated to make payments under the terms of the Agreement.

D. Enter an order declaring Defendant liable for the assessed partial withdrawal liability;

E. Order Defendant to pay the Pension Fund $3,225,868 for the outstanding assessed partial withdrawal liability, plus interest and liquidated damages;

F. Order Defendant to pay the Pension Fund's reasonable attorney's fees and cost incurred in the prosecution of this action; and

G. Award Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: February 5, 2019.

                                        Respectfully submitted,

                                        /s/ Joseph C. Torres
                                        Joseph C. Torres
                                        Attorney for Plaintiffs

THE KARMEL LAW FIRM
221 North LaSalle Street
Suite 1550
Chicago, IL 60601
(312) 641-2910
joe@karmellawfirm.com